<table>
<tr><td>DISTRICT COURT, ADAMS COUNTY, STATE OF COLORADO<br><br>1100 Judicial Center Dr.<br>Brighton, CO 80601</td><td rowspan="2">DATE FILED<br>November 21, 2025 1:36 PM<br>FILING ID: 2BB9FA4B408F4<br>CASE NUMBER: 2025CV31856<br><br>▲ COURT USE ONLY ▲</td></tr>
<tr><td>Plaintiff:<br><br>MARIA PATRICIA RODRIGUEZ<br>v.<br><br>Defendant:<br><br>YUSUF HUNDUBAY, KAMRON LOGISTICS, AL-AZIZ CORPORATION, and SGM LOGISTICS INCORPORATED.</td></tr>
<tr><td>Attorneys for Plaintiff:<br>ZINDA LAW GROUP, PLLC<br>Neil Solomon; State Bar No. 51864<br>Maxwell Massey; State Bar No. 61446<br>7801 N. Capital of Texas Hwy, Suite 300<br>Austin, Texas 78731<br>Phone: (512) 246-2224<br>Fax: (512) 580-4252<br>Service of Documents: service@zdfirm.com</td><td>Case Number:<br>Division:<br>Courtroom:</td></tr>
<tr><td colspan="2">PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND</td></tr>
</table>

Plaintiff Maria Patricia Rodriguez ("Plaintiff"), by and through her counsel of Zinda Law Group, PLLC, hereby submits her Complaint for Damages and Jury Demand against Defendants Yusuf Hundubay, Kamron Logistics, Al-Aziz Corporation, and SGM Corporation (hereinafter "Defendants").

## INTRODUCTION

1. Plaintiff files this action to recover for harms and losses she suffered as a result of a motor vehicle collision that occurred on or about September 19, 2025.

## JURISDICTION AND VENUE

2. Venue is proper in the Adams County, Colorado pursuant to the provisions of C.R.C.P. 98(c).

## PARTIES



**EXHIBIT A**

3. Plaintiff Maria Patricia Rodriguez is a natural person and resident of Broomfield County, Colorado. The last three digits of Plaintiff's driver's license and Social Security numbers are 684 and 226, respectively.

4. Defendant Yusuf Hundubay (hereinafter "Defendant Hundubay") is a natural person and resident of Dakota County, Texas. Defendant Hundubay may be served with process at his residence, located at 208 E 39th Street, Apt. 134, South Sioux City, NE 68776.

5. Defendant Kamron Logistics (hereinafter "Defendant Kamron") is a corporation headquartered in New York. It may be served with process through its registered agent, Mukumov Eliyor, located at 1647 S Michigan Avenue, Apt. 201, Villa Park Illinois, 60181.

6. Defendant Al Aziz Corporation (hereinafter "Defendant Al Aziz") is a corporation headquartered in Illinois. It may be served with process through its registered agent, Abubakir Samatov, located at 1621 S Michigan Ave, Apt. 301, Villa Park, IL 60181.

7. Defendant SGM Logistics, Inc. (hereinafter "Defendant SGM") is a corporation headquartered in Illinois. It may be served with process through its registered agent, Sarvar Khudayberganov, located at 1623 S Michigan Ave, Apt. 304, Villa Park, IL 60181.

## GENERAL ALLEGATIONS

8. On or about September 19, 2025, at approximately 11:32 a.m., Plaintiff was traveling westbound on East 148th Avenue in Thornton, Colorado.

9. At approximately the same time, Defendant Hundubay was operating a 2018 Freightliner traveling northbound on Grant Street approaching East 148th Avenue.

10. The truck driven by Defendant Hundubay was a commercial motor vehicle.

11. Defendant Hundubay was operating the truck in the course and scope of his employment with Defendant Kamron, Defendant Al Aziz and Defendant SGM.

12. Defendant Kamron, Defendant Al Aziz and Defendant SGM is a commercial motor carrier as defined by the Federal Motor Carrier Safety Regulations.

13. Plaintiff was driving her vehicle in a reasonable and prudent manner and was exercising ordinary care for her safety all times relevant herein.

14. Plaintiff approached an intersection wherein she had the right of way and Defendant had a posted stop sign.

15. Despite Defendant Hundubay being required to stop at the stop sign, Defendant Hundubay failed to stop his vehicle and collided into the front of Plaintiff's vehicle although Plaintiff attempted to make an evasive maneuver.

16. At the time of the collision, Defendant Hundubay was driving carelessly.



**EXHIBIT A**

17. Defendant Hundubay was distracted immediately prior to the collision.

18. Defendant Hundubay was paying improper attention to the roadway and his surroundings immediately prior to the collision.

19. Defendant Hundubay failed to maintain an assured clear distance from Plaintiff's vehicle, causing this collision.

20. Defendant Hundubay made an improper and untimely application of his brakes immediately prior to the collision.

21. Defendant Hundubay's careless driving was a contributing factor to the collision.

22. Defendant Hundubay's failure to maintain an assured clear distance was a contributing factor to the collision.

23. Defendant Hundubay's driver inattention was a contributing factor to the collision.

24. Defendant Hundubay's driver distraction was a contributing factor to the collision.

25. Defendant Hundubay's improper and untimely application of his brakes was a contributing factor to the collision.

26. The roadway was dry at the time of the collision.

27. The conditions of the roadway were not a contributing factor to the collision.

28. There were no adverse weather conditions at the time of the collision.

29. Adverse weather conditions were not a contributing factor to the collision.

30. Plaintiff did not cause or contribute to the cause of the collision.

31. Plaintiff was injured as a result of the collision.

32. Defendants' negligence and negligence *per se* were direct and proximate causes of the collision.

33. As a direct and proximate cause of the collision, Plaintiff suffered severe harms and losses.



**EXHIBIT A**

**<u>FIRST CLAIM FOR RELIEF</u>**
**(Negligence against Defendant Hundubay)**

34. Plaintiff incorporates by reference all allegations contained in this Complaint as if re-alleged herein verbatim.

35. Defendant Hundubay owed Plaintiff a duty to use reasonable care in the operation of the vehicle he was driving.

36. Defendant Hundubay breached the above-referenced duty when he collided into Plaintiff.

37. Defendant Hundubay also breached the above-referenced duty without limitation in the following ways:

a. Failing to maintain an assured clear distance from Plaintiff's vehicle;
b. Driving carelessly;
c. Driving distracted;
d. Keeping an improper lookout;
e. Traveling at an unreasonable speed given the circumstances;
f. Making an untimely and improper application of his brakes;
g. Exhibiting inadequate driver attention;
h. Failing to stop at a stop sign;
i. Taking improper evasive actions to avoid the collision; and
j. Choosing to violate safety rules.

38. Defendant Hundubay's actions were the proximate cause of the collision and Plaintiff's harms and losses.

**<u>SECOND CLAIM FOR RELIEF</u>**
**(Negligence *per se* against Defendant Hundubay)**

39. Plaintiff incorporates by reference all allegations contained in this Complaint as if re-alleged herein verbatim.

40. When Defendant Hundubay operated his car on September 19, 2025, he violated the following Colorado statutes:

a. C.R.S. §42-4-1402, which prohibits a driver from driving carelessly;
b. C.R.S. §42-4-703, which requires a driver to stop at a stop sign; and
c. C.R.S. § 42-4-1101, which prohibits drivers from traveling at an unreasonable and imprudent speed.

41. The injuries and damages Plaintiff sustained as a result of the collision are the kind of injuries and damages the above-referenced statutes are intended to prevent.



**EXHIBIT A**

42. Defendant Hundubay's breach of the above-mentioned statutes was a direct and proximate cause of the injuries and damages Plaintiff sustained.

**THIRD CLAIM FOR RELIEF**
**(*Respondeat Superior* against Defendant Kamron, Defendant Al Aziz and Defendant SGM)**

43. Plaintiff incorporates by reference all allegations contained in this Complaint as if re-alleged herein verbatim.

44. At the time of this collision, Defendant Hundubay was an agent, ostensible agent, and/or employee of Defendant Kamron, Defendant Al Aziz and/or Defendant SGM.

45. At the time of this collision, Defendant Hundubay was working within the course and scope of his employment and authority with Defendant Kamron, Defendant Al Aziz and/or Defendant SGM.

46. Defendant Kamron, Defendant Al Aziz and Defendant SGM are liable for the acts/omissions of Defendant Hundubay that caused this collision.

47. Under the doctrine of *Respondeat Superior*, Defendant Kamron, Defendant Al Aziz and Defendant SGM are responsible for Plaintiff's damages caused by Defendant Hundubay's negligence as alleged above.

**FOURTH CLAIM FOR RELIEF**
**(Negligence against Defendant Kamron, Defendant Al Aziz and Defendant SGM)**

48. Plaintiff incorporates by reference all allegations contained in this Complaint as if re-alleged herein verbatim.

49. Defendant Kamron, Defendant Al Aziz and Defendant SGM operate as commercial companies with commercial motor vehicles.

50. In return for the privilege to operate commercial motor vehicles on the public roadways, commercial employers must make certain safety related verifications.

51. Reasonably safe employers develop and implement policies, practices, and procedures to ensure that their employees/agents are operating commercial vehicles in a safe manner.

52. Reasonably safe commercial employers train and educate their employees/drivers regarding the safe operation of commercial motor vehicles.

53. The safe operation of commercial motor vehicles includes practices and procedures related to stopping vehicles, seeing ahead, space management, collision countermeasures, and distracted driving.

54. Defendant Kamron, Defendant Al Aziz and Defendant SGM breached their duties to the public, and more specifically Plaintiff, when they failed to properly develop, monitor, and enforce proper policies and procedures for the protection of individuals on the roadway, including Plaintiff.

55. Reasonably safe commercial entities utilize publicly available government, industry, and trade publications regarding the preventability of highway collisions to design, develop, and implement safety management controls, which are designed to reduce collisions involving commercial motor vehicles.

56. Defendant Kamron, Defendant Al Aziz and Defendant SGM's careless, negligent, and unlawful acts directly and proximately caused Plaintiff's harms and losses in the following ways:

a. by refusing to design, develop, and implement adequate safety management controls related to distracted driving, space management, collision countermeasures, and/or safe vehicle movement;
b. by refusing to train Defendant Hundubay on the well-known dangers of maintaining an unsafe distance from other vehicles; keeping an improper lookout; exhibiting inadequate driver attention; driving while distracted; taking improper evasive actions to avoid the collision; and refusing to follow the proper procedures for safe vehicle operations.
c. by refusing to properly monitor and supervise the driving habits of their drivers, employees, and/or agents, specifically Defendant Hundubay;
d. by refusing to properly instruct their drivers, employees, and/or agents, specifically Defendant Hundubay;
e. by refusing to comply with applicable regulations and industry standards, as referenced in this Complaint and as developed during the discovery in this case;
f. by refusing to utilize available information to properly monitor their drivers, employees, and/or agents, specifically Defendant Hundubay, for compliance with company polices and/or applicable regulations and industry standards;
g. by allowing Defendant Hundubay to operate a vehicle despite knowledge of his inability to do so safely;
h. by refusing to implement adequate safety management controls to ensure compliance with the required safety fitness standard(s);
i. by refusing to utilize available technology to monitor and audit the safety performance of their drivers, employees, and/or agents, including Defendant Hundubay;
j. by negligently hiring, training, supervising, retaining, and entrusting a vehicle to Defendant Hundubay.



**EXHIBIT A**

57. Defendant Kamron, Defendant Al Aziz and Defendant SGM's actions were a proximate cause of the collision.

58. As a direct and proximate result of Defendant Kamron, Defendant Al Aziz and Defendant SGM's negligence, Plaintiff suffered harms and losses, including economic expenses and losses such as past and future medical expenses and out of pocket expenses.

59. As a direct and proximate result of Defendant Kamron, Defendant Al Aziz and Defendant SGM's negligence, Plaintiff suffered harms and losses, including noneconomic damages such as past and future pain and suffering, past and future mental anguish, past and future loss of enjoyment of life, past and future inconvenience, past and future emotional stress, past and future physical impairment, and past and future impairment of quality of life.

60. As a direct and proximate result of Defendant Kamron, Defendant Al Aziz and Defendant SGM's negligence, Plaintiff suffered in the past, and will continue to suffer in the future, permanent physical impairment and disfigurement.

## FIFTH CLAIM FOR RELIEF
**(Negligent Hiring against Defendant Kamron, Defendant Al Aziz and Defendant SGM)**

61. Plaintiff incorporates by reference all allegations contained in this Complaint as if re-alleged herein verbatim.

62. Defendant Kamron, Defendant Al Aziz and Defendant SGM, by and through its agents, employees, ostensible agents and/or servants, owed Plaintiff a duty to exercise reasonable care in the hiring of Defendant Hundubay.

63. Defendant Kamron, Defendant Al Aziz and Defendant SGM breached the aforementioned duty by failing to exercise reasonable care in the hiring of Defendant Hundubay.

64. As a direct and proximate result of Defendant Kamron, Defendant Al Aziz and Defendant SGM's negligence, Plaintiff suffered harms and losses, including economic expenses and losses such as past and future medical expenses and out of pocket expenses.

65. As a direct and proximate result of Defendant Kamron, Defendant Al Aziz and Defendant SGM's negligence, Plaintiff suffered harms and losses, including noneconomic damages such as past and future pain and suffering, past and future mental anguish, past and future loss of enjoyment of life, past and future inconvenience, past and future emotional stress, past and future physical impairment, and past and future impairment of quality of life.

66. As a direct and proximate result of Defendant Kamron, Defendant Al Aziz and Defendant SGM's negligence, Plaintiff suffered in the past, and will continue to suffer in the future, permanent physical impairment and disfigurement.

## SIXTH CLAIM FOR RELIEF
**(Negligent Training against Defendant Kamron, Defendant Al Aziz and Defendant SGM)**

67. Plaintiff incorporates by reference all allegations contained in this Complaint as if re-alleged herein verbatim.

68. Defendant Kamron, Defendant Al Aziz and Defendant SGM, by and through their agents, employees, ostensible agents and/or servants, owed Plaintiff the duty to exercise reasonable care in the training of Defendant Hundubay.

69. Defendant Kamron, Defendant Al Aziz and Defendant SGM breached the aforementioned duty by failing to exercise reasonable care in the training of Defendant Hundubay.

70. As a direct and proximate result of Defendant Kamron, Defendant Al Aziz and Defendant SGM's negligence, Plaintiff suffered harms and losses, including economic expenses and losses such as past and future medical expenses and out of pocket expenses.

71. As a direct and proximate result of Defendant Kamron, Defendant Al Aziz and Defendant SGM's negligence, Plaintiff suffered harms and losses, including noneconomic damages such as past and future pain and suffering, past and future mental anguish, past and future loss of enjoyment of life, past and future inconvenience, past and future emotional stress, past and future physical impairment, and past and future impairment of quality of life.

72. As a direct and proximate result of Defendant Kamron, Defendant Al Aziz and Defendant SGM's negligence, Plaintiff suffered in the past, and will continue to suffer in the future, permanent physical impairment and disfigurement.

## SEVENTH CLAIM FOR RELIEF
**(Negligent Supervision against Defendant Kamron, Defendant Al Aziz and Defendant SGM)**

73. Plaintiff incorporates by reference all allegations contained in this Complaint as if re-alleged herein verbatim.

74. Defendant Kamron, Defendant Al Aziz and Defendant SGM, by and through their agents, employees, ostensible agents and/or servants, owed Plaintiff a duty to exercise reasonable care in the supervision of Defendant Hundubay.

75. Defendant Kamron, Defendant Al Aziz and Defendant SGM breached the aforementioned duty by failing to exercise reasonable care in the supervision of Defendant Hundubay.

76. As a direct and proximate result of Defendant Kamron, Defendant Al Aziz and Defendant SGM's negligence, Plaintiff suffered harms and losses, including economic expenses and losses such as past and future medical expenses and out of pocket expenses.

77. As a direct and proximate result of Defendant Kamron, Defendant Al Aziz and Defendant SGM's negligence, Plaintiff suffered harms and losses, including noneconomic

damages such as past and future pain and suffering, past and future mental anguish, past and future loss of enjoyment of life, past and future inconvenience, past and future emotional stress, past and future physical impairment, and past and future impairment of quality of life.

78. As a direct and proximate result of Defendant Kamron, Defendant Al Aziz and Defendant SGM's negligence, Plaintiff suffered in the past, and will continue to suffer in the future, permanent physical impairment and disfigurement.

**EIGHTH CLAIM FOR RELIEF**
**(Negligent Retention against Defendant Kamron, Defendant Al Aziz and Defendant SGM)**

79. Plaintiff incorporates by reference all allegations contained in this Complaint as if re-alleged herein verbatim.

80. Defendant Kamron, Defendant Al Aziz and Defendant SGM, by and through their agents, employees, ostensible agents and/or servants, owed Plaintiff a duty to exercise reasonable care in the retention of Defendant Hundubay.

81. Defendant Kamron, Defendant Al Aziz and Defendant SGM breached the aforementioned duty by failing to exercise reasonable care in the retention of Defendant Hundubay.

82. As a direct and proximate result of Defendant Kamron, Defendant Al Aziz and Defendant SGM's negligence, Plaintiff suffered harms and losses, including economic expenses and losses such as past and future medical expenses and out of pocket expenses.

83. As a direct and proximate result of Defendant Kamron, Defendant Al Aziz and Defendant SGM's negligence, Plaintiff suffered harms and losses, including noneconomic damages such as past and future pain and suffering, past and future mental anguish, past and future loss of enjoyment of life, past and future inconvenience, past and future emotional stress, past and future physical impairment, and past and future impairment of quality of life.

84. As a direct and proximate result of Defendant Kamron, Defendant Al Aziz and Defendant SGM's negligence, Plaintiff suffered in the past, and will continue to suffer in the future, permanent physical impairment and disfigurement.

**NINTH CLAIM FOR RELIEF**
**(Negligent Entrustment against Defendant Kamron, Defendant Al Aziz and Defendant SGM)**

85. Plaintiff incorporates by reference all allegations contained in this Complaint as if re-alleged herein verbatim.

86. Defendant Kamron, Defendant Al Aziz and Defendant SGM provided its truck to Defendant Hundubay and permitted Defendant Hundubay to operate the truck involved in the collision.

87. The truck involved in the collision was owned by and under the control of Defendant Kamron, Defendant Al Aziz and Defendant SGM.

88. Defendant Kamron, Defendant Al Aziz and Defendant SGM either knew or should have known that Defendant Hundubay was likely to use the truck in such a manner as to create an unreasonable risk of harm to others.

89. As a direct and proximate result of Defendant Kamron, Defendant Al Aziz and Defendant SGM's negligence, Plaintiff suffered harms and losses, including economic expenses and losses such as past and future medical expenses and out of pocket expenses.

90. As a direct and proximate result of Defendant Kamron, Defendant Al Aziz and Defendant SGM's negligence, Plaintiff suffered harms and losses, including noneconomic damages such as past and future pain and suffering, past and future mental anguish, past and future loss of enjoyment of life, past and future inconvenience, past and future emotional stress, past and future physical impairment, and past and future impairment of quality of life.

91. As a direct and proximate result of Defendant Kamron, Defendant Al Aziz and Defendant SGM's negligence, Plaintiff suffered in the past, and will continue to suffer in the future, permanent physical impairment and disfigurement.

## DEMAND FOR JURY TRIAL

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

(a) For all losses and damages allowed by law, in an amount to be proven at trial sufficient to make him whole according to proof, and specifically including, without limitation, general and special damages for physical injuries; physical impairment; physical pain and suffering; emotional pain and suffering; past and future medical expenses and other related expenses; disfigurement; and loss of enjoyment of life;

(b) For all awardable costs of suit, including expert witness fees and the fees of other professionals;

(c) For pre-judgment and post-judgment interest as allowed by law; and

(d) For all other and further relief as the Court deems just and proper and/or which may be allowed by applicable law.

Plaintiff demands a jury trial, and the jury fee is tendered herewith.

DATED this 20th day of November, 2025.



**EXHIBIT A**

Respectfully submitted,

**ZINDA LAW GROUP, PLLC**
7801 North Capital of Texas Highway
Suite 300
Austin, Texas 78731
(512) 246-2224 Office
(512) 580-4252 FAX
**Service of Documents: service@zdfirm.com**

By: */s/ Neil Solomon*
Neil Solomon
State Bar No. 51864
neil@zindalaw.com
Maxwell Massey
State Bar No. 61446
max@zindalaw.com
**ATTORNEYS FOR PLAINTIFF**



**EXHIBIT A**